UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSHUA ABRAMS,<br><br>                            Plaintiff,<br><br>v.<br><br>CITY OF BOSTON,<br>THOMAS ANTONINO,<br><br>                           Defendants. | Civil Action No. 1:24-CV-12308-PBS<br><br>**JURY TRIAL DEMANDED** |

## ANSWER BY DEFENDANT THOMAS ANTONINO

Defendant Thomas Antonino ("Defendant"), as and for his Answer to the Complaint,[1] upon information and belief, respectfully alleges as follows:

### A. Introduction

1. Defendant states that Paragraph "1" of the Complaint—which is comprised of nine (9) sentences—fails to comply with Fed. R. Civ. P. 8(d)(1), which requires that "[e]ach allegation must be simple, concise, and direct." Therefore, no response is required. To the extent that a response is required, Defendant denies all the allegations regarding his conduct on September 1, 2022. Defendant further denies that Plaintiff stopped documenting members of the Boston Police Department ("BPD") for any significant period of time. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

### B. Parties

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "2" of the Complaint.

---

[1] On June 25, 2024, Plaintiff commenced this action by filing the Complaint in Suffolk County Superior Court Department of the Trial Court of the Commonwealth of Massachusetts under Docket No. 2484CV01679. On September 9, 2024, the City filed a Notice of Removal and attached that Complaint as an exhibit. ECF No. 1-1 at 3–10.


3. Admitted.

4. Admitted, except Defendant states that the allegation that all actions by him were taken under color of law is a legal conclusion as to which no response is required. To the extent a response is required, admitted.

### C. Factual Allegations

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "5" of the Complaint.

6. Defendant admits that videos featuring Plaintiff appear on a YouTube Channel titled "Accountability for All." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph "6" of the Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "7" of the Complaint.

8. Denied.

9. Defendant admits that videos featuring public officials appear on a YouTube Channel titled "Accountability for All." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph "9" of the Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "10" of the Complaint. Defendant denies the embedded allegation that members of the BPD have abused, harassed, or mistreated homeless individuals.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "11" of the Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "12" of the Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "13" of the Complaint.

14. To the extent that Paragraph "14" of the Complaint alleges that Officer Antonino was in a BPD uniform and operating a BPD vehicle, admitted.

15. Defendant denies the allegations that he was parked in a handicap parking spot and that he used profanity. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph "15" of the Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "16" of the Complaint.

17. Defendant admits that part of Plaintiff's interaction with him was video-recorded. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph "17" of the Complaint.

18. Defendant admits that he and Plaintiff have met on two occasions during which part of their interactions were video-recorded. As to the September 2020 incident, Defendant denies that he confronted Plaintiff over his filming, denies that he made the alleged statement, and denies that he became increasingly confrontational.

19. Defendant admits that there exists video of part of the interaction between him and Plaintiff on September 1, 2022.

20. Admitted.

21. Admitted.

22. Defendant denies that he aggressively approached Plaintiff. Defendant admits the remaining allegations set forth in Paragraph "22" of the Complaint.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "23" of the Complaint.

24. Defendant denies that he grabbed or twisted Plaintiff's hand. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph "24" of the Complaint.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "25" of the Complaint.

26. Defendant admits that he was approached by an individual other than Plaintiff. Defendant denies that he grabbed Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph "26" of the Complaint.

27. Defendant admits only that he was aware that he was being filmed. Defendant denies the remaining allegations set forth in Paragraph "27" of the Complaint.

28. Defendant admits only that he drove away after his conversation with Plaintiff. Defendant denies the remaining allegations set forth in Paragraph "27" of the Complaint.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "29" of the Complaint.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "30" of the Complaint.

31. Denied.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "32" of the Complaint.

33. Denied.

34. Denied.

35. Denied

36. Denied.

37. Denied.

38. Denied.

**Count I: 42 U.S.C. § 1983, Against Defendant Antonino: Unreasonable Use of Force**

39. In response to Paragraph "39" of the Complaint, Defendant restates and incorporates by reference all the preceding paragraphs of this Answer as if set forth fully herein.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

**Count II: 42 U.S.C. § 1983, Against Defendant Antonino: First Amendment Violation**

44. In response to Paragraph "44" of the Complaint, Defendant restates and incorporates by reference all the preceding paragraphs of this Answer as if set forth fully herein.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

### Count III: 42 U.S.C. § 1983, Against Defendant City of Boston

49. As the allegations set forth in Paragraph "49" of the Complaint concern a count not asserted against this Defendant, no response from this Defendant is required.

50. As the allegations set forth in Paragraph "50" of the Complaint concern a count not asserted against this Defendant, no response from this Defendant is required.

51. As the allegations set forth in Paragraph "51" of the Complaint concern a count not asserted against this Defendant, no response from this Defendant is required.

52. As the allegations set forth in Paragraph "52" of the Complaint concern a count not asserted against this Defendant, no response from this Defendant is required.

53. As the allegations set forth in Paragraph "53" of the Complaint concern a count not asserted against this Defendant, no response from this Defendant is required.

### Count IV: Negligence, Against Defendant City of Boston

54. As the allegations set forth in Paragraph "54" of the Complaint concern a count not asserted against this Defendant, no response from this Defendant is required.

55. As the allegations set forth in Paragraph "55" of the Complaint concern a count not asserted against this Defendant, no response from this Defendant is required.

56. As the allegations set forth in Paragraph "56" of the Complaint concern a count not asserted against this Defendant, no response from this Defendant is required.

57. As the allegations set forth in Paragraph "57" of the Complaint concern a count not asserted against this Defendant, no response from this Defendant is required.

58. As the allegations set forth in Paragraph "58" of the Complaint concern a count not asserted against this Defendant, no response from this Defendant is required.

## Affirmative Defenses

### First Affirmative Defense

59. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

60. Plaintiff's claims are barred because this Defendant has not violated any of his rights, privileges, or immunities under the Constitution or laws of the United States, the Commonwealth of Massachusetts, or any political subdivision thereof; nor has this Defendant violated any act of Congress providing for the protection of civil rights.

### Third Affirmative Defense

61. Plaintiff's claims are barred because he has failed to establish that this Defendant directly or proximately caused his alleged constitutional injury.

### Fourth Affirmative Defense

62. Plaintiff cannot show that any alleged act or omission of this Defendant caused him any damages.

### Fifth Affirmative Defense

63. Plaintiff has failed to establish a prima facie case of a constitutional violation by this Defendant.

### Sixth Affirmative Defense

64. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of non-parties or third parties and was not proximately caused by any act of this Defendant.

**Seventh Affirmative Defense**

65. This Defendant, at all times, acted in good faith and upon reasonable belief that its actions were in accordance with the Constitution and the laws of the United States and the Commonwealth of Massachusetts.

**Eighth Affirmative Defense**

66. This Defendant is entitled to qualified immunity and is therefore immune from suit in this matter.

**Ninth Affirmative Defense**

67. This Defendant's acts and conduct were performed according to, and protected by, law and/or legal process and, therefore, the Plaintiff cannot recover.

**Tenth Affirmative Defense**

68. Plaintiff provoked any incident.

**Eleventh Affirmative Defense**

69. Plaintiff failed to mitigate his alleged damages.

**Twelfth Affirmative Defense**

70. Plaintiff's claim under Massachusetts law may be barred due to his failure to comply, in whole or in part, with the presentment and filing requirements of M.G.L. c. 258, § 4.

**Thirteenth Affirmative Defense**

71. Plaintiff's claims are barred by lack of standing.

**Fourteenth Affirmative Defense**

72. Plaintiff's claims may be barred by the appliable statute of limitations.

**Fifteenth Affirmative Defense**

73. Plaintiff claims are barred by the doctrines of *res judicata*, issue preclusion, claim preclusion, laches, waiver, and/or estoppel.

**Sixteenth Affirmative Defense**

74. This Defendant reserves the right to raise additional affirmative defenses as the factual basis for the Complaint becomes known.

**DEMAND FOR JURY TRIAL**

75. The City demands a trial by jury on all issues so triable.

**WHEREFORE**, Defendants respectfully requests that the Complaint be dismissed in its entirety; that the Court enter judgment for Defendants; and that Defendants be granted costs, fees, and disbursements, together with such other and future relief as the Court deems just and proper.

Dated: November 22, 2024

Respectfully submitted,

**DEFENDANT THOMAS ANTONINO,**

by its attorney,

Adam N. Cederbaum
*Corporation Counsel*

Jeffrey F. Frank (BBO # 714072)
*Assistant Corporation Counsel*
City of Boston Law Department
1 City Hall Square, Room 615
Boston, MA 02201
(617) 635-4031
jeffrey.frank@boston.gov

## CERTIFICATE OF SERVICE

    I, Jeffrey F. Frank, hereby certify that on November 22, 2024, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by First Class Mail to those identified as non-registered participants.

                                                                 /s/ Jeffrey F. Frank
                                                                Jeffrey F. Frank

/24-1000